LEVI HEATH (SBN 220854)
levi.heath@btlaw.com
DEVIN STONE (SBN 260326)
devin.stone@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   310-284-3880
Facsimile:   310-284-3894

Attorneys for Plaintiff
MTO SHAHMAGHSOUDI (SCHOOL OF
ISLAMIC SUFISM) GLOBAL, INC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MTO SHAHMAGHSOUDI (SCHOOL OF ISLAMIC SUFISM) GLOBAL, INC.,** | Case No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, CANCELLATION OF TRADEMARK REGISTRATION AND UNFAIR COMPETITION** |
| **ROBERTO CAVALLI, S.P.A.,** | |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS,
CANCELLATION OF TRADEMARK REGISTRATION, AND UNFAIR COMPETITION**

Plaintiff, MTO SHAHMAGHSOUDI (SCHOOL OF ISLAMIC SUFISM) GLOBAL, INC. ("Plaintiff"), hereby brings this complaint against defendant Roberto Cavalli, S.P.A. ("Defendant" or "Cavalli"):

## PARTIES

1.     Plaintiff MTO SHAHMAGHSOUDI (SCHOOL OF ISLAMIC SUFISM) GLOBAL, INC. is a Delaware corporation that is the holder of certain trademarks for the use of Maktab Tarighat Oveyssi Shahmaghsoudi (School of Islamic Sufism), a California Corporation ("MTO").  Plaintiff's principal place of business is in this judicial district.

2.     Upon information and belief, Defendant, Roberto Cavalli S.P.A. is an Italian corporation with a place of business at Piazza San Babila, 3 I-20122 Milano, Italy 90013.

## JURISDICTION AND VENUE

3.     This action arises under the federal Lanham Act, 15 U.S.C. § 1051 et seq., and California statutory and common law.  This Court has subject matter jurisdiction over the federal law claims under 28 U.S.C. § 1331, 28 U.S.C. § 1338 and 15 U.S.C. § 1121.  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant because Defendant conducts business in this District and has committed acts and violations that have caused injury in this judicial district.

5.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

///
///
///
///
///

**COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, CANCELLATION OF TRADEMARK REGISTRATION, AND UNFAIR COMPETITION**

## **PLAINTIFF'S SACRED EMBLEM**

6.     For many years MTO has used the following as a trademark, service mark and symbol in conjunction with the services of MTO:



7.     Plaintiff and the MTO have become identified by, and are associated by the public, with this trademark, service mark and symbol (hereinafter the "Sacred Emblem").

8.     The Emblem of MTO is registered as a service mark and trademark in the U.S. Patent and Trademark Office.  This Sacred Emblem was awarded U.S. Registration No. 1440550, issued May 26, 1987.  Attached hereto as Exhibit 1 is a copy of the record of the federal registration of the Sacred Emblem.  Plaintiff's registration and prior use of its mark and symbol gives Plaintiff priority over Defendant with regard to the rights in the mark.

9.     The Sacred Emblem is valid and protectable and exclusively owned by Plaintiff, which Plaintiff has authorized for the exclusive use of Maktab Tarighat Oveyssi Shahmaghsoudi (School of Islamic Sufism).  The Sacred Emblem dates back many decades and represents peace, purity and the name of God.  The distinctive outline of the Sacred Emblem can be derived from writing the word "Allah" twice (one being inverted and reflected to align with the other).  The Sacred Emblem is a reminder for students of the MTO that the gateway to self-cognition is through the heart.

///
///
///
///

2                          Case No.:_____

**COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, CANCELLATION OF TRADEMARK REGISTRATION, AND UNFAIR COMPETITION**

10.   Plaintiff, through MTO, has widely used the Sacred Emblem to identify its religious services and has used it as a trademark on many physical items such as books and coins.  An example of Plaintiff's use is shown below:



**DEFENDANT INFRINGMENT AND TARNISHMENT OF PLAINTIFF'S SACRED EMBLEM**

11.   Beginning at some time in the recent past and continuing until the present, Defendant has manufactured, promoted, and sold purely commercial products that infringe, dilute, and tarnish Plaintiff's Sacred Emblem.

12.   In particular, Plaintiff is informed and believes that Defendant has manufactured, sourced, marketed, and/or sold substantial quantities of perfume bottles, shirts, watches, shoes, and other garments bearing the Sacred Emblem or a simulation of Plaintiff's Sacred Emblem which is virtually identical thereto.  An example of Defendant's use of the Sacred Symbol, or simulation thereof, is shown below:



**COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, CANCELLATION OF TRADEMARK REGISTRATION, AND UNFAIR COMPETITION**

13.    Plaintiff is further informed and believes that Defendant has further exploited Plaintiff's Sacred Emblem in advertising campaigns in which the symbol appears to have been tattooed onto unclothed models.  In other instances, Defendant recreates the shape of the Sacred Emblem out of intertwined snakes, suggesting a reference to the iconography of original sin.  This is completely opposing the Plaintiff's beliefs and goodwill symbolized by the Sacred Emblem.

14.    Defendant's act of commercializing the Sacred Emblem on or in connection with goods for sale, disparages the Sacred Emblem and its long history of use in symbolizing Plaintiff, MTO and their beliefs.

15.    Defendant's use of the Sacred Emblem is wholly without permission from Plaintiff.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

16.    Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 15 of this Complaint.

17.    Without Plaintiff's consent, Defendant has used, in connection with the sale, offering for sale, distribution or advertising of its products, designs that infringe upon Plaintiff's registered Sacred Emblem trademark.

18.    These acts of trademark infringement will cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114, and have been committed with the knowledge and intent that they will cause confusion, mistake, or deception.

19.    As a direct and proximate result of Defendant's infringing activities, Plaintiff is entitled to recover Defendant's unlawful profits and Plaintiff's substantial damages under 15 U.S.C. 1117(a).

20.    Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. 1116(a).

///

4                    Case No.:_____
**COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS,
CANCELLATION OF TRADEMARK REGISTRATION, AND UNFAIR COMPETITION**

**SECOND CLAIM**

**FEDERAL UNFAIR COMPETITION**

**(False Designation of Origin and False Description)**

**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

21.    Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 20 of this Complaint.

22.    Defendant's use of the Sacred Emblem tends falsely to describe its products within the meaning of 15 U.S.C. § 1125(a)(1).  Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of Defendant's products to the detriment of Plaintiff and in violation of 15 U.S.C. § 1125(a)(1).

23.    As a direct and proximate result of Defendant's infringing activities, Plaintiff is entitled to recover Defendant's unlawful profits and Plaintiff's substantial damages under 15 U.S.C. § 1117(a).

24.    Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

**THIRD CLAIM**

**FEDERAL DILUTION OF FAMOUS MARK**

**(Trademark Dilution Revision Act of 2006)**

**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

25.    Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 24 of this Complaint.

26.    Plaintiff's Trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

27.    Defendant's conduct is likely to cause dilution of Plaintiff's Sacred Emblem by diminishing its distinctiveness and tarnishing it in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

28.    Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

Case No.:_____

**COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, CANCELLATION OF TRADEMARK REGISTRATION, AND UNFAIR COMPETITION**

**FORUTH CLAIM**

**CANCELLATION OF FEDERAL TRADEMARK**

**(15 U.S.C. § 1119)**

29.    Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 28 of this Complaint.

30.    Defendant obtained a registration of the infringing emblem under U.S. Registration No. 4208283, issued on September 18, 2012.

31.    Defendant's mark, when commercialized in connection with the goods recited in Registration 4208283 and has been used by Defendant, consists of or comprises immoral, deceptive, or scandalous matter, or matter which may disparage or falsely suggest a connection with Plaintiff, MTO and/or their beliefs or bring them into contempt or disrepute in violation of Section 2(a) of the Trademark Act, 15 U.S.C. § 1052(a).

32.    Pursuant to Section 1119 of the Lanham Act, 15 U.S.C. § 1119, in any action involving a registered mark the court may determine the right to registration, and order the cancelation of a registration, in whole or in part.

33.    Defendant is not entitled to register its emblem which infringes Plaintiff's registered mark and, as used by Defendant, will so disparage, create false suggestions and otherwise damage Plaintiff, and Registration 4208283 should be ordered cancelled.

**FIFTH CLAIM CALIFORNIA**

**TRADEMARK INFRINGEMENT AND DILUTION**

**(Cal. Bus. & Prof. Code §§ 14245, 14247, 14250)**

34.    Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 33 of this Complaint.

35.    Defendant's infringement of Plaintiff's Sacred Emblem is likely to cause consumer confusion and dilution of Plaintiff's mark in violation of California Business & Professions Code Sections 14245 and 14247.

36.    Defendant infringed and diluted Plaintiff's Trademark with knowledge and

**COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, CANCELLATION OF TRADEMARK REGISTRATION, AND UNFAIR COMPETITION**

intent to cause confusion, mistake or deception.

37.   Pursuant to California Business & Professions Code §§ 14247 and 14250, Plaintiff is entitled to injunctive relief and damages in the amount of three times Defendant's profits and three times all damages suffered by Plaintiff by reason of Defendant's manufacture, use, display or sale of infringing goods.

## SIXTH CLAIM
## CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200)

38.   Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 37 of this Complaint.

39.   Defendant's conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code Section 17200.

40.   As a consequence of Defendant's actions, Plaintiff is entitled to injunctive relief preventing the conduct alleged in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the Court award the following relief:

A.   Judgment on all counts against Defendant and in favor of Plaintiff;

B.   To enter an order permanently enjoining Defendant, and its officers, agents, servants, and employees from using Plaintiff's mark as described herein.

C.   An award to Plaintiff in the amount of its monetary damages along with an award of enhanced or exemplary damages, and attorney fees due to Defendant's deliberate and willful conduct, and all costs and expenses incurred in this action.

D.   An award to Plaintiff in the amount of Defendant's profits resulting from Defendant's false and misleading advertising or as otherwise warranted under the Lanham Act or California law.

E.   That Defendant's Registration 4208283 should be ordered cancelled;

7                         Case No.:_____

**COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, CANCELLATION OF TRADEMARK REGISTRATION, AND UNFAIR COMPETITION**

F.      All other relief, in law or in equity, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Date:  July 18, 2014                          **BARNES & THORNBURG LLP**


By:_____/s/ Devin Stone_____
                              Devin Stone
                          Attorneys for Plaintiff
                          MTO SHAHMAGHSOUDI (SCHOOL OF
                          ISLAMIC SUFISM) GLOBAL, INC

                          2029 Century Park East, Suite 300
                          Los Angeles, CA 90067
                          Tel:  (310) 284-3880
                          Fax:  (310) 284-3894
                          E-mail:  devin.stone@btlaw.com


                          Of Counsel :
                          Joseph D. Lewis
                          1717 Pennsylvania Ave NW, Suite 500
                          Washington, D.C. 20006
                          (202) 289-1313
                          Fax: (202) 289-1330
                          E-mail:  jdlewis@btlaw.com

**COMPLAINT FOR TRADEMARK INFRINGEMENT, LANHAM ACT VIOLATIONS, CANCELLATION OF TRADEMARK REGISTRATION, AND UNFAIR COMPETITION**